IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GREATER OMAHA PACKING COMPANY, INC., <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY, <br><br>　　　　　Defendant. | **4:12CV3053** <br><br> **MEMORANDUM AND ORDER** |
| GREATER OMAHA PACKING COMPANY, INC., <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>LIBERTY MUTUAL INSURANCE COMPANY, C&A TRANSPORTATION LOGISTICS, INC., <br><br>　　　　　Defendants. | **4:12CV3054** |

　　　　The plaintiff, Greater Omaha Packing Company, Inc. ('GOPC") has moved to consolidate the above-captioned actions for pretrial preparation and trial.  Defendant Liberty Mutual Fire Insurance Company, ("Liberty Mutual"), does not oppose the consolidation.  Defendants C&A Transportation, Logistics, Inc. ("C&A") opposes consolidation, arguing that it will incur additional expenses for litigation of this case if it is required to participate in discovery related only to case number 4:12CV3053.  For the reasons discussed below, GOPC's motion to consolidate will be granted as to the pretrial preparation stages of this case, but denied without prejudice as to the trial of the cases.

FACTUAL STATEMENT

　　　　In both case number 4:12CV3053 and case number 4:12CV3054, GOPC has filed suit to recover for losses incurred when truckloads of beef scheduled to be sold and delivered to a

buyer in New York were stolen. GOPC alleges B-Line Logistics, Inc. secured the trucking for the stolen beef at issue in case number 4:12CV3053; and C&A allegedly secured the trucking for the stolen beef at issue in case number 4:12CV12CV054. As to both shipments, GOPC had a contract for insurance coverage with Liberty Mutual.

The shipments at issue in case number 12CV3053 and in case number 12CV3054 are different, but in both cases, "Martinez Trucking" was allegedly hired to ship the beef. B-Line contracted with Martinez Trucking for the shipment of beef at issue in case number 12CV3053; C&A likewise hired Martinez Trucking to ship the beef at issue in case number 12CV3054. According to the plaintiff's complaints, in both cases, persons representing themselves to be from Martinez Trucking arrived at GOPC's location, the Martinez trucks were loaded, and the beef was hauled away. In both cases, the truckloads of beef never arrived in New York, and the trucks have never been seen again. In case number 12CV3054, GOPC has filed breach of contract and negligence actions against defendants C&A claiming C&A failed to determine whether Martinez Trucking was a legitimate carrier and had adequate insurance to cover GOPC's losses due to theft.

In both case number 12CV3053 and case number 12CV3054, GOPC also seeks recovery for its losses from its insurer, Liberty Mutual. GOPC claims Liberty Mutual has breached the terms of the parties' insurance contract by failing to pay for GOPC's losses from the theft of the beef. Liberty Mutual has refused to pay for the losses, citing the language of the insurance policy and its exclusions.

ANALYSIS

Under Rule 42 of the Federal Rules of Civil Procedure, actions before a federal court may be consolidated if they involve a common question of law or fact, and consolidation would assist in avoiding unnecessary cost or delay. Fed. R. Civ. P. 42(a). Consolidation is warranted when the actions involve common parties, overlapping legal issues, and related

factual scenarios, and the consolidation itself will not cause unfair prejudice. Horizon Asset Management Inc. v. H & R Block, Inc., 580 F.3d 755, 768 -769 (8th Cir. 2009).

C&A claims it will incur additional discovery costs if the discovery in above-captioned cases is consolidated, and it will be prejudiced if the cases are tried together. Specifically, C&A claims the Martinez Trucking theft occurred at a different time and possibly under different circumstances. C&A claims the discovery in case number 4:12CV3053 will include deposing B-Line employees, and this discovery has no bearing on GOPC's case against C&A.

Based on the information currently before the court, both C&A and B-Line contracted with Martinez Trucking to haul beef for GOPC; and in both cases, someone identifying himself as employed by Martinez Trucking entered GOPC property, GOPC loaded the trucks, and the trucks never arrived in New York. Although the theft underlying case number 4:12CV3053 occurred at a different time, the GOPC employee testimony in both cases may be relevant in determining how, upon arrival at GOPC's facilities, "Martinez Trucking" convinced GOPC to load the trucks with beef. And B-Line employee testimony may assist in explaining why both C&A and B-Line believed Martinez Trucking was a reliable trucking option. The testimony of the B-Line employees may help either GOPC or C&A in case number 4:12CV3054, depending on what they say.

The plaintiff's lawsuits against Liberty Mutual both seek insurance coverage for losses incurred by nearly identical acts of theft. The coverage issue will depend, primarily, on how the losses occurred and an interpretation of the applicable contract language.

Having considered the parties' arguments, the court concludes that, on balance, any additional expense C&A will incur due to case consolidation is outweighed by the benefits of engaging in consolidated discovery. The cases involve common questions of law and fact; the plaintiffs are the same and are represented by the same counsel; and Liberty Mutual is a defendant in both cases and is represented by the same counsel. Consolidating the cases during the trial preparation stages will serve the interests of justice and judicial economy.

C&A also claims it will be prejudiced by a consolidated trial. Based on the evidence currently of record, the court cannot assess the extent of any potential trial prejudice that may arise from consolidation, or whether any prejudice will occur at all. The claims between GOPC and Liberty Mutual, which may rest primarily on interpreting the language of the insurance policy at issue, may be resolved by dispositive motion prior to trial. Moreover, the evidence underlying case numbers 4:12CV3053 and 4:12CV3054 is not known at this time. But during the course of discovery, the evidence may diverge to such an extent that trying the cases together would prejudice C&A. The court currently lacks sufficient information to make that decision. Therefore, the court will deny GOPC's motion to consolidate the cases for trial without prejudice to re-asserting the motion, either by telephone conference or by motions and related briefing, after the discovery relevant to the trial consolidation issue is complete.

Accordingly,

IT IS ORDERED:   The plaintiff's motions to consolidate (4:12CV3053, (filing no. 39); 4:12CV3054, (filing no. 31), are denied without prejudice as to consolidation at trial, but granted as to the pretrial preparation stages as follows:

1) The following cases are consolidated for discovery and pretrial preparation purposes only:

    4:12-cv-012CV3053-CRZ, <u>Greater Omaha Packing Company, Inc. v. Liberty Mutual Insurance Company et al</u>

    4:12-cv-012CV3054-WKU-CRZ, <u>Greater Omaha Packing Company, Inc. v. Liberty Mutual Insurance Company et al</u>

2) 4:12-cv-012CV3053-CRZ, <u>Greater Omaha Packing Company, Inc. v. Liberty Mutual Insurance Company et al</u> is hereby designated as the "Lead Case," and 4:12-cv-012CV3054-WKU-CRZ, <u>Greater Omaha Packing Company, Inc. v. Liberty Mutual Insurance Company et al</u> is designated as a "Member Case."

3) The court's CM/ECF System has the capacity for "spreading" text among consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in the Member Case. To this end, the parties are

instructed to file in the Lead Case all further documents except those described in paragraph 4 and to select the option "yes" in response to the System's question of whether to spread the text.

4) The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal.

5) If a party believes that an item in addition to those described in paragraph 4 should not be filed in both of these consolidated cases, the party must move for permission to file the item in only one of the cases. The motion must be filed in both of the consolidated cases using the spread text feature.

6) Counsel for the parties shall confer and, on or before **October 8, 2012**, they shall jointly file a Form 35 (Rule 26 (f)) Report, a copy of which can be found at http://www.ned.uscourts.gov/forms in Word and WordPerfect format.

7) If one or more of the parties believes a planning conference is needed to complete the Rule 26(f) Report, or if the parties cannot agree on one or more of the deadlines identified or case progression issues raised in the Rule 26(f) Report, on or before, **October 1, 2012**, a party shall contact my chambers at (402) 437-1670, or by email addressed to zwart@ned.uscourts.gov, to arrange a conference call.

September 18, 2012.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.